[Crim. No. 4884. Fifth Dist. June 28, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY MANNING, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Antonia D. Radillo, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Anthony L. Dicce, Maureen A. Daly and Jana L. Tuton, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, Acting P. J.—

### STATEMENT OF THE CASE

Appellant was convicted by a jury of false imprisonment, battery with serious bodily injury and two counts of rape.

Prior to trial, appellant made a Penal Code section 995 motion to set aside the information as to the false imprisonment and battery counts on the ground that he had been deprived of the right to have the magistrate declare the crimes to be misdemeanors under Penal Code section 17, subdivision (b)(5).[1] These counts had not been included in the complaint filed in the municipal court and were added to the information by amendment shortly before trial. The motion was denied.

Appellant was sentenced to the upper base term of eight years for the first rape conviction with a consecutive sentence of two years for the second rape conviction, for a total of ten years. The false imprisonment and battery convictions were ordered to be served concurrently.

## The Evidence

On August 2, 1979, 23-year-old Kathleen was living with her ex-boyfriend Dave Polman and Carmela Stanziale in an apartment in Fresno. The roommates went to the Casino Bar for an evening of drinking. Later they returned to their apartment with appellant, whom they had met at the bar. Appellant made repeated advances to Kathleen at the apartment, and Kathleen told appellant that if he stayed at the apartment, she was going to leave. Appellant asked to be driven to his motel and Kathleen agreed to give appellant a ride to get him out of her apartment. Kathleen and appellant went to her car.

---

[1] Penal Code section 17 provides in pertinent part:

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

It appears that false imprisonment is not a hybrid crime. Penal Code section 237 which specifies the punishment for false imprisonment provides:

"False imprisonment is punishable by fine not exceeding five hundred dollars ($500), or by imprisonment in the county jail not more than one year, or by both. If such false imprisonment be effected by violence, menace, fraud, or deceit, it shall be punishable by imprisonment in the state prison." Thus, the decision whether a defendant is sentenced to local time or to prison is not discretionary with the court but depends on the trier's finding as to whether the crime was "effected by violence, menace, fraud, or deceit." This finding requires a trial on the merits.

Accordingly, we limit our discussion concerning Penal Code section 17, subdivision (b)(5) to the battery with serious bodily injury which is a hybrid because it is punishable "by imprisonment in the county jail for a period of not more than one year *or* imprisonment in the state prison for two, three, or four years." (Pen. Code, § 243, subd. (d), italics added.)

Kathleen drove appellant towards his motel, but her car ran out of gas about two or three miles from her apartment. Kathleen told appellant to walk to his motel, while she planned to walk back to her apartment. Appellant told Kathleen that she was not going anywhere. Kathleen tried to get out of the car, but appellant crawled over her and pushed her back into the car. Holding Kathleen with his right arm, appellant pushed the car off the road.

Kathleen struggled to get out of the car. Appellant repeatedly slapped her on the face. He told Kathleen he was attacking her because she had mistreated him that evening. Appellant removed Kathleen's clothing and forcefully engaged in sexual intercourse with her. After the sexual assault, appellant again slapped Kathleen and used her clothes to tie her up face down in the backseat. He told her not to tell anyone about what had happened.

Kathleen managed to untie herself and had just started putting on her clothes when appellant returned. Appellant threatened to break the car window. Kathleen unlocked the door because appellant "was going crazy," and she felt it would be worse if she did not let him in. Once appellant got inside the car, he started slapping, choking and beating Kathleen, telling her he would kill her. Appellant then forced Kathleen again to have sexual intercourse with him. Sometime during or after appellant's second act of sexual intercourse, he threatened Kathleen with a knife. Appellant cut Kathleen's neck with a knife and scratched her neck with her keys. Appellant again tied Kathleen up with her clothes, some of which had been cut up for that purpose. After appellant tied Kathleen up, he choked and slapped her until she passed out. The next thing Kathleen remembered was someone at the window of her car trying to untie her hands.

Kathleen also testified that at the time of the attack she was $1,200 in debt and having a difficult time meeting her financial obligations. Kathleen said the reason why she had a rental car was because her own car had been repaired but she was unable to pay the bill. Kathleen never paid for the rental car.

DISCUSSION

■ Appellant contends in a matter of first impression that the trial court erred in denying his Penal Code section 995 motion to set aside the hybrid battery charge because he was deprived of a substantial right

at the preliminary hearing, i.e., the right to have the magistrate independently determine whether he should be held to answer on a felony or a misdemeanor charge for the battery.

Appellant's argument is grounded on the unprecedented proposition that the prosecution should not be permitted to charge by information a so-called "wobbler" or hybrid offense not charged in the original complaint but which is supported by the evidence produced at the preliminary hearing. Appellant notes that if the district attorney had charged him with the wobbler in the original complaint he would have been entitled under Penal code section 17, subdivision (b)(5), to request the magistrate to fix the wobbler as a misdemeanor. Thus, by waiting until after the preliminary hearing to charge the wobbler, the prosecution deprived appellant of a substantial right at the preliminary hearing thereby rendering the commitment illegal within the meaning of Penal Code section 995. (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 523 [165 Cal.Rptr. 851, 612 P.2d 941].)

█ The law is settled that unless the magistrate makes factual findings to the contrary, the prosecutor may amend the information after the preliminary hearing to charge any offense shown by the evidence adduced at the preliminary hearing provided the new crime is transactionally related to the crimes for which the defendant has previously been held to answer. (Pen. Code, § 739; *Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 664-665 [94 Cal.Rptr. 289, 483 P.2d 1241]; *People* v. *Superior Court* (*Grilli*) (1978) 84 Cal.App.3d 506, 510 [148 Cal.Rptr. 740].) Such a procedure does not deprive a defendant of any right since it is not the complaint but the *totality of the evidence* produced at the preliminary examination that notifies the defendant of the potential charges he may have to face in superior court. (*People* v. *Superior Court* (*Grilli*), *supra*, 84 Cal.App.3d at p. 510; *People* v. *Donnell* (1976) 65 Cal.App.3d 227, 233 [135 Cal.Rptr. 217].) █ Thus, the amendment of the information after the preliminary hearing to add the hybrid battery charge as a felony was proper.

Appellant cites *Jackson* v. *Superior Court* (1980) 110 Cal.App.3d 174 [167 Cal.Rptr. 749] for the proposition that all hybrid charges should be filed against the defendant before the case goes before the magistrate at the preliminary hearing so the discretion granted by Penal Code section 17, subdivision (b)(5) may be exercised in the defendant's favor. *Jackson*, however, is distinguishable. The defendant was charged with the hybrid offense of grand theft (Pen. Code, § 489). At the pre-

liminary hearing the magistrate refused to exercise his discretion under Penal Code section 17 unless the defendant entered a guilty plea to the charge. The reviewing court held that a substantial right is at stake when a magistrate exercises his independent discretion as to whether a defendant should be held to a felony or a misdemeanor. Since there should be a method other than by writ to challenge a misapplication of Penal Code section 17, subdivision (b)(5), a Penal Code section 995 motion to set aside the charge provides a quick and efficient remedy. (*Jackson* v. *Superior Court, supra*, at pp. 176-177.) In *Jackson*, it was the failure of the court to properly exercise its discretion that constituted the denial of a substantial right at the preliminary hearing. No such error occurred in the instant case.

Nor does *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140] support appellant's argument. At the time of *Esteybar*, Penal Code section 17, subdivision (b)(5) required the prosecutor's consent before the magistrate could determine that a charged hybrid offense was to be tried as a misdemeanor. (Stats. 1969, ch. 1144, § 1, p. 2214.) The Supreme Court ruled the section unconstitutional as violating the separation of powers doctrine. (Cal. Const., then art. III, § 1.) The exercise of judicial discretion should not depend on the "pleasure of the executive." (*Esteybar* v. *Municipal Court, supra*, 5 Cal.3d at pp. 126-128.)

Although it may be argued the district attorney invades the judicial realm under the present statute when he files the hybrid after the preliminary hearing thereby avoiding the magistrate's possible determination that the hybrid is a misdemeanor, such action cannot be deemed to rise to the *Esteybar* level of unconstitutional infringement into the judicial prerogative. Conditioning the magistrate's exercise of discretion on the prosecutor's consent essentially nullifies the exercise of judicial discretion, whereas permitting the prosecutor to file the hybrid charges after the preliminary examination does not thwart the magistrate's discretion provided it is recognized that the defendant has the right to make an *Esteybar* motion at the preliminary hearing even though the hybrids are not charged in the complaint. We therefore come to the question whether the appellant has such a right. We conclude he does.

*People* v. *Brice* (1982) 130 Cal.App.3d 201, 205-209 [181 Cal.Rptr. 518] holds that although Penal Code section 739 gives the prosecutor

the right to charge in the information any transactionally related crimes shown by the evidence taken before the magistrate, the defendant is also entitled to have the magistrate rule on the sufficiency of the evidence of such crimes, i.e., to find there is *insufficient evidence* to hold the accused to answer on any offense not named in the charging complaint. *Brice* emphasized that a preliminary hearing is not merely a pretrial hearing (*Jones* v. *Superior Court, supra,* 4 Cal.3d at p. 668), rather, it is a proceeding designed to weed out groundless or unsupported charges of grave offenses and to relieve the accused of the degradation and expense of an unnecessary trial. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304].) To this end, an accused is afforded "'such fundamental rights as counsel, confrontation, the right to personally appear, the right to a hearing before a judicial officer, and the right to be free from unwarranted prosecution....'" (*Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 592-593 [150 Cal.Rptr. 435, 586 P.2d 916].) The argument that a magistrate has no power to make findings to bar prosecution in the superior court "lacks support in law and logic." It would "reduce the preliminary hearing insofar as it involves charges not contained in the complaint to an ex parte proceeding at which only the prosecuting attorney could win." (*People* v. *Brice, supra,* 130 Cal.App.3d at p. 208.) A defendant could be forced to stand trial on an offense which surfaced at the preliminary hearing, even though the magistrate disbelieved the evidence and would have made findings which would have been fatal to the later assertion that the offense had been committed. (*Id.,* at p. 209.)

If a defendant is entitled to have the magistrate find there is insufficient evidence to prosecute the defendant in the superior court on crimes not charged in the complaint but which have surfaced at the preliminary examination, it reasonably follows that a defendant should have the right to ask the magistrate to make a Penal Code section 17, subdivision (b)(5) determination with respect to any hybrid crimes which are revealed by the evidence at the preliminary examination and for which the defendant could be charged by information in the superior court.

Appellant was present at the preliminary hearing with counsel and knew as well as the prosecution the nature of the evidence produced. He had notice of the potential charges he might have to face in the superior court. Therefore he could have asked the magistrate to find that should a battery thereafter be charged against him it should be charged as a

misdemeanor rather than felony.[2] By failing to make such a motion, appellant is deemed to have waived any objection to the prosecutor thereafter charging him with the felony battery in the superior court. Under these circumstances, the prosecutor's amendment of the information became irrelevant to the magistrate's discretion under section 17, subdivision (b)(5). Thus, appellant was not denied a substantial right at the preliminary examination. (*People* v. *Pompa-Ortiz, supra,* 27 Cal.3d at p. 523.)

As noted in the *Brice* decision, there may be cases where an uncharged offense is so well camouflaged by the evidence at the preliminary hearing that a defendant could be misled as to what charges he would be subject to in the superior court. Such a case is not before us. Perhaps the Legislature should authorize the superior court on motion of a defendant before trial to fix the hybrids as misdemeanors on the basis of the preliminary examination transcript. We express no opinion on the wisdom of such a procedure. We only note that the Penal Code currently does not provide for this procedure.

We turn now to appellant's other contentions of error. Prior to trial Kathleen pled guilty to a misdemeanor charge of writing checks without sufficient funds (Pen. Code, § 476a, subd. (a)). These checks were written prior to the sexual attack on August 3, 1979. Kathleen apparently worked out an arrangement with the district attorney where she would be allowed to make restitution. Kathleen was extensively questioned about this charge at the preliminary hearing. On the morning of trial, counsel stipulated that the defense could question Kathleen about any urgently pressing debts she had at the time of the incident but any inquiry into the criminal conviction would be precluded. The court agreed with the stipulation and noted that a misdemeanor is not admissible to impeach and, further, the issue was collateral.

■ Appellant claims that the "court's ruling" precluded appellant from showing the victim had a possible motive to fabricate her testimony and denied appellant the right to effectively cross-examine the witness as guaranteed by the California and United States Constitutions.

---

[2]That appellant was aware of his right to request findings by the magistrate as to uncharged offenses is evidenced by the fact that appellant asked the magistrate at the end of the preliminary hearing to find there was no kidnaping of Kathleen. The magistrate refused to make such a determination because no such charge was alleged in the complaint.

This argument is not persuasive. The parties stipulated that the misdemeanor conviction was inadmissible; hence, the trial court never made an appealable ruling. Moreover, appellant's assertion that the prior conviction created a valid inference that Kathleen was perjuring herself because she feared "prosecution for prostitution" is most tenuous. The court acted properly within its broad discretion under Evidence Code section 352 in finding the conviction was collateral.

Appellant next contends he was denied effective assistance of counsel because his counsel failed to introduce the evidence of the misdemeanor conviction. The argument is without merit. ▇ The burden of proving a claim of inadequate assistance of counsel is on the appellant. He must show his trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that his counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense. (*People v. Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) ▇ Based on our analysis of the previous contention, it cannot be said that appellant's counsel's failure to have the trial court rule on the issue of whether Kathleen's misdemeanor conviction was admissible to impeach resulted in the withdrawal of a potentially meritorious defense. ▇ When the record does not reflect why trial counsel made a decision, it will be presumed that it was made on a valid tactical basis unless there is simply no satisfactory explanation. (*Id.*, at p. 426; *People v. Anderson* (1979) 97 Cal.App.3d 419, 426 [158 Cal.Rptr. 727].) ▇ In the instant case, defense counsel worked out an agreement with the prosecution which allowed inquiry into Kathleen's financial situation at the time of the incident—thus providing a satisfactory explanation for defense counsel's action.

▇ Appellant also contends the concurrent sentence for false imprisonment violated Penal Code section 654 because the imprisonment was part and parcel of the rapes and thus the court should have stayed the sentence. Nevertheless, if a defendant entertains multiple criminal objectives, he may be punished for each violation even though the violations are part of an otherwise indivisible course of conduct. (*People v. Perez* (1979) 23 Cal.3d 545, 550-551 [153 Cal.Rptr. 40, 591 P.2d 63, 3 A.L.R.4th 339].) The false imprisonment was not incidental to the rapes; it was unnecessary for appellant to have tied up Kathleen to the point where she almost strangled to death. (Compare *People v. Ferguson* (1969) 1 Cal.App.3d 68, 74-75 [81 Cal.Rptr. 418] with *People v.*

*Martinez* (1980) 109 Cal.App.3d 851, 858 [167 Cal.Rptr. 477] and *People* v. *Rocco* (1971) 21 Cal.App.3d 96, 110 [98 Cal.Rptr. 365].)

■ Finally, the record reveals that the trial court did not state any reasons for consecutively sentencing appellant to two additional years for the second rape count. The Attorney General relies on *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 838-839 [155 Cal.Rptr. 780], which held that if the record reveals adequate reasons for imposing consecutive terms the case does not have to be remanded for resentencing even though the trial court did not state any reasons for imposing the consecutive sentence. This court rejected *Blessing* in *People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704-705 [173 Cal.Rptr. 71] and *People* v. *Lawson* (1980) 107 Cal.App.3d 748, 752-757 [165 Cal.Rptr. 764] (see *People* v. *Edwards* (1981) 117 Cal.App.3d 436, 450 [172 Cal.Rptr. 652]). Therefore, this case must be remanded for resentencing.

The judgment of conviction is affirmed. The matter is remanded for resentencing on the second rape count.

Andreen, J., and Gomes, J.,* concurred.

A petition for a rehearing was denied July 19, 1982.

---

*Assigned by the Chairperson of the Judicial Council.