[No. A027633. First Dist., Div. Four. Sept. 26, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVIDE PHILLIPS, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Parts II, III, IV, and V are not certified for publication. The facts need not be published because they are not necessary to the section to be published. (Cal. Rules of Court, rule 976.1.)

**COUNSEL**

Donald Thomas Bergerson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Martin S. Kaye and Landra E. Rosenthal, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SABRAW, J.**—Davide Phillips was charged with kidnaping (Pen. Code, § 207),[2] felony false imprisonment (§ 236) and misdemeanor battery (§ 242). After a court trial he was convicted of felony false imprisonment and misdemeanor battery. On appeal he alleges *Bunnell* error,[3] improper waiver of jury trial, insufficient evidence to sustain the conviction of felony false imprisonment, ineffective assistance of counsel, and improper venue for trial of the battery offense. We affirm.

*Facts**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### *Discussion*

### I. *Bunnell Error*

At the pretrial conference defense counsel informed the court that appellant wished to waive jury trial and have the matter set for court trial. The court asked appellant if he understood the difference between court trials and jury trials and accepted his waiver of a jury trial. Defense counsel then stated that "Mr. Phillips has indicated he is willing to submit it on the basis of the preliminary hearing transcript plus any additional evidence either side wishes to produce, with the understanding that the complaining witness would be present for the trial." The court responded, "Right. The district attorney would see that she is here, and either one of you would have the option of calling her at that time." The court then explained to appellant that the preliminary hearing transcript would be admitted in evidence, and that "[a]ssuming nobody called any other witnesses, in essence what you would be doing is waiving your right to have the witnesses personally present, testify under oath so that you could question them." In response to appellant's inquiry, "You mean the main witness?" the court replied, "The understanding is she is going to be here and either of you can call her. Both of you may decide not to call her. [¶] We will proceed with the assumption that the transcript will be admitted in evidence and each of you can call whatever witnesses you want, including her."

▮ Appellant contends that the trial court erred in permitting him to submit his case on the preliminary hearing transcript without complying

---

[2]All further statutory references are to the Penal Code unless otherwise indicated.

[3]*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086].

*See footnote 1, *ante*, page 670.

with the rules set forth in *Bunnell* v. *Superior Court, supra,* 13 Cal.3d 592. We have concluded, however, that appellant's premise that there was a *Bunnell* submission in this case is mistaken.

■ In *Bunnell* the Supreme Court stated: "A defendant who submits his case for decision on the basis of the transcript of the preliminary examination agrees that the transcript may be considered *in lieu of* the personal testimony of the witnesses who appeared at the preliminary hearing." (13 Cal.3d at p. 602, italics added.) In so doing the defendant surrenders his constitutional rights to trial by jury, to confront and cross-examine his accusers, and to freedom from compulsory self-incrimination. (*Id.,* at pp. 603, 605. See also *In re Mosley* (1970) 1 Cal.3d 913, 924-926 and fn. 10 [83 Cal.Rptr. 809, 464 P.2d 473].) Consequently, "[I]n order to give maximum assurance that defendants are fully aware of the significant rights that they surrender in any submission and of the possible consequences thereof, such defendants shall be fully advised of these rights and consequences and . . . the record shall reflect such advice, waivers, and acknowledgment by the defendant of his understanding of these consequences in all submissions." (*Bunnell* v. *Superior Court, supra,* 13 Cal.3d at p. 605.)

■ Here appellant's waiver of jury trial was not a consequence of his stipulation to admission of the preliminary hearing transcript, but preceded it. His waiver of the privilege against self-incrimination likewise was effected not by the stipulation, but rather, by his voluntarily taking the stand to testify in his own behalf. (See *People* v. *Ingram* (1976) 60 Cal.App.3d 722, 727 [131 Cal.Rptr. 752]; *People* v. *Thomas* (1974) 43 Cal.App.3d 862, 867 [118 Cal.Rptr. 226].) Nor did appellant surrender his constitutional right to confront and cross-examine his accusers. To the contrary, he insisted that Patricia be present at trial. Patricia was present at trial, she testified, and she was extensively cross-examined. The dual purpose of the confrontation clause—to expose the witness to the probe of cross-examination and to weigh the demeanor of the witness (*Ohio* v. *Roberts* (1980) 448 U.S. 56, 63-64 [65 L.Ed.2d 597, 605-607, 100 S.Ct. 2531]; *People* v. *Stritzinger* (1983) 34 Cal.3d 505, 515 [194 Cal.Rptr. 431, 668 P.2d 738]; *People* v. *Winson* (1981) 29 Cal.3d 711, 717 [175 Cal.Rptr. 621, 631 P.2d 55])—was thus achieved.

Appellant's asserted "agreement to submit the case on the transcript of the preliminary examination" was, in the circumstances of this case, no more than a stipulation that the prosecuting witness's former testimony, otherwise excludable as hearsay (see Evid. Code, § 1291), would be admissible at trial—admissible not *in lieu* of her trial testimony, but *in addition* to such other testimony of hers as the prosecution or the defense should choose to elicit. Insofar as the agreement meant that Patricia was not re-

quired to repeat her direct examination testimony, as appellant complains, counsel's determination to forego reexamination of Patricia on matters previously covered was a "tactical decision." (See *People* v. *Williams* (1970) 2 Cal.3d 894, 905 [88 Cal.Rptr. 208, 471 P.2d 1008]; *In re Mosley, supra,* 1 Cal.3d at p. 924; *People* v. *Hill* (1971) 19 Cal.App.3d 306, 316 [96 Cal.Rptr. 813].) That the decision was not unreasonable is suggested by appellant's acquittal of the kidnaping charge. Having agreed to the admission of the hearsay evidence, appellant cannot complain of its admission on appeal. (See Evid. Code, § 353; cf. *People* v. *Manning* (1982) 133 Cal.App.3d 159, 168-169 [183 Cal.Rptr. 727] [parties' stipulation precluded appealable ruling].)

Because appellant's case was not "submitted on the transcript" within the meaning of *Bunnell,* the court did not err in failing to give the advisements and take the waivers required by *Bunnell.*

## II. *Jury Waiver**

. . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

A petition for a rehearing was denied October 25, 1985, and appellant's petition for review by the Supreme Court was denied December 18, 1985.

---

*See footnote 1, *ante,* page 670.