[Crim. No. 13749. Third Dist. Dec. 20, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL RICHARD KUNKEL, Defendant and Appellant.

**COUNSEL**

Barbara Jean Steinhardt, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

GILBERT, J.*—Defendant pled guilty to a complaint filed in the justice court charging a felony violation of Penal Code section 243, subdivision (d),[1] battery with serious bodily injury. He also admitted an enhancement allegation that he used a deadly weapon in commission of the underlying offense. (§ 12022, subd. (b).) The case was then certified to the superior court where defendant was sentenced to state prison. Defendant appeals. His principal claims relate to the contention that he should have earlier been advised of his "right" to have the magistrate consider reduction of his offense to a misdemeanor before his plea of guilty was accepted. He also claims that the superior court erred in ordering him to reimburse the county for the costs of his court appointed counsel. We shall affirm.

### FACTS

Defendant was charged with the unprovoked knife attack on an unsuspecting and unarmed Black male outside a bar where the defendant had earlier been displaying his braggadocio. The victim suffered severe physical injuries. The evidence revealed overtones of racial hatred in the motivation of the attack upon the Black victim by the defendant, who is White.

Prior to the preliminary examination, defendant entered a plea of guilty to the charged felony violation and admitted the weapons enhancement.[2] Following certification from the justice court, the superior court imposed the upper, four-year term for the section 243, subdivision (d) violation and imposed an additional one-year consecutive term for the section 12022, subdivision (b) enhancement. The superior court also ordered defendant to pay $250 to Butte County for the costs of providing his court appointed counsel. A different superior court judge subsequently found that the defendant did not have the present ability to pay the ordered amount. No hearing, as required by section 987.8, was conducted prior to the original order for payment.

---

*Assigned by the Chairperson of the Judicial Council.

[1] All undesignated section references are to the Penal Code.

[2] Except for advice concerning the "right" asserted in this appeal, defendant was fully and properly advised of his rights and of the consequences of his plea of guilty and admission of the weapons enhancement.

### DISCUSSION

Paragraph (5) of subdivision (b) of section 17 (hereafter subdivision (5)) provides that when a defendant is charged with an offense punishable either by imprisonment in the state prison or in the county jail,[3] it is a misdemeanor, for all purposes "When, at or before the preliminary examination or prior to filing an order pursuant to section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."[4]

Relying on the authority of this section and on *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140], defendant makes several related claims of error. He first contends that the magistrate erred by failing to advise him that his plea of guilty to the charged felony would waive his "right" to have the magistrate declare the offense a misdemeanor and, as judge of the justice court, impose sentence. Next, he claims that the magistrate failed to exercise discretion under subdivision (5) after plea but before certification of the case to superior court for sentencing. This, he also asserts, deprived him of his right to have the judge accepting his plea impose sentence as required by *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171]. Defendant also contends the magistrate erred by failing to advise him that, by admitting the weapons enhancement, he "made" the underlying charge a felony.

Finally, defendant makes an unrelated challenge to the order for reimbursement of fees under section 987.8 as being made without the requisite notice and hearings specified by that section. We find each of defendant's contentions concerning his plea and sentence without merit and his contention respecting the section 987.8 order, though meritorious, moot. We consider his claims in order.

■ Defendant's first claim of error begins with the accurate premise that subdivision (5) confers a substantial right on a defendant. In *Esteybar* v. *Municipal Court, supra,* 5 Cal.3d 119, the Supreme Court found the former version of subdivision (5) requiring the consent of the prosecution for a reduction unconstitutionally infringed the separation of powers be-

---

[3]An offense which is punishable either by imprisonment in the state prison or by incarceration in the county jail is said to "wobble" between the two punishments and hence is frequently called a "wobbler" offense. (See, e.g., *People* v. *Municipal Court (White)* (1979) 88 Cal.App.3d 206 [151 Cal.Rptr. 861].) Section 243, subdivision (d) is such an offense.

[4]Section 872 provides for an order holding defendant to answer at the conclusion of a preliminary examination after a finding of probable cause to believe the offense was committed by the defendant.

tween the executive and judicial branches.[5] ■ In reaching that conclusion, the court noted that, "[i]n determining whether the defendant should be held to answer on a felony or a misdemeanor, a committing magistrate exercises a judicial power which must be based upon an examination of the circumstances of the particular case before him." (*Id.*, at p. 125.) The court also held that, "[a] defendant is entitled to have an independent determination of whether he should be held to answer on a felony or a misdemeanor . . . ." (*Id.*, at p. 126.) We have no doubt that this entitlement to an independent determination is a substantial right. (*Jackson* v. *Superior Court* (1980) 110 Cal.App.3d 174, 177 [167 Cal.Rptr. 749].) ■ We also agree that, by entering a plea of guilty, and thus waiving a preliminary examination, defendant effectively gave up the right to have the magistrate exercise the discretion conferred by subdivision (5). Where a defendant enters a plea of guilty to a felony complaint before a preliminary examination, the magistrate is deprived of the usual evidentiary basis upon which to reduce a charge to a misdemeanor pursuant to subdivision (5). This is so, of course, because it is ordinarily the preliminary examination which is the "examination of the circumstances of the particular case" that justifies reduction.[6] Where the preliminary hearing is not held, a defendant will ordinarily be able to seek misdemeanor treatment of the charges only after facing and suffering conviction on felony charges in superior court. (§ 17, subds. (b)(1), (2), and (3); see fn. 8, *infra.*) In contrast, a defendant whose charges are reduced to a misdemeanor at or before a preliminary examination, faces only a misdemeanor sentence upon conviction in the justice or municipal court. The issue which defendant raises is whether this circumstance is a consequence of which he must have been apprised before his plea of guilty could have been knowing and voluntary.

■ A plea of guilty is valid only if it is knowingly and voluntarily entered. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) In order for a defendant to knowingly and voluntarily enter a plea of guilty to felony charges, he must be apprised of the consequences of such a plea. (*Ibid.*) The so-called "*Boykin-Tahl*" requirements are intended to insure that a criminal defendant does not improvidently abandon significant constitutional rights without fully appreciating the potential consequences of that act.[7] (*Ibid.*) ■ The consequences of which a defendant must be

---

[5]The offending language of this section was removed in 1975. (Stats. 1975, ch. 664, § 1.)

[6]We assume that the magistrate must be presented with some factual basis upon which to exercise the discretion conferred by subdivision (5). (*Esteybar, supra,* 5 Cal.3d at pp. 125-126; *Jackson* v. *Superior Court, supra,* 110 Cal.App.3d 174, 176-177 and *Hartman* v. *Superior Court* (1982) 135 Cal.App.3d 205, 208 [185 Cal.Rptr. 182].)

[7]*Tahl,* of course, assures the adequacy of the record of the defendant's plea for meaningful appellate review.

aware include the fundamental constitutional rights relinquished by a plea of guilty—jury trial, confrontation and self-incrimination—and the "permissible range of sentences" attendant upon conviction by plea. (*In re Tahl, supra,* 1 Cal.3d 122, 133, fn. 7.) Awareness of the permissible range of sentences is achieved where a defendant understands the "primary and direct" penal consequences of the plea. (*In re Birch* (1973) 10 Cal.3d 314, 319-325 [110 Cal.Rptr. 212, 515 P.2d 12]; *People* v. *Caban* (1983) 148 Cal.App.3d 706, 710 [196 Cal.Rptr. 177]; *In re Carabes* (1983) 144 Cal.App.3d 927, 929 [193 Cal.Rptr. 65].) It is unnecessary that the defendant have and display a detailed understanding of collateral penal or procedural consequences which do not directly impact on the fundamental implications of a plea of guilty. Thus, for example, a defendant need not display a knowledge of the particular defenses available in his case nor be told of the availability of a court, as opposed to a jury, trial (*People* v. *Vest* (1974) 43 Cal.App.3d 728 [118 Cal.Rptr. 84]), nor need he be told that a guilty plea may result in a revocation of an outstanding grant of probation in another case (*People* v. *Searcie* (1974) 37 Cal.App.3d 204 [112 Cal.Rptr. 267]). On the other hand, a knowing and voluntary plea does entail an understanding of probation ineligibility upon conviction (*People* v. *Caban, supra,* 148 Cal.App.3d 706) and of the probable requirement of a parole period following a prison sentence. (*In re Carabes, supra,* 144 Cal.App.3d 927.)

 A preliminary examination, though a "critical stage" of the criminal proceedings (*Coleman* v. *Alabama* (1970) 399 U.S. 1 [26 L.Ed.2d 337, 90 S.Ct. 1999]), is but a preliminary step in the ultimate determination of guilt or innocence. It is the fundamental right to have the determination of guilt or innocence made by a jury, accompanied by the right against self-incrimination and to confrontation, that is most directly involved in a decision to admit rather than contest the charges. It is these fundamental rights which are protected by the *Boykin-Tahl* rules. Advice concerning the procedural implications of waiving a preliminary examination does not assist this basic and essential understanding.

Advice concerning the effect of a guilty plea on the magistrate's power of reduction under subdivision (5) is also not necessary to a defendant's meaningful understanding of the penal consequences of a guilty plea. Though the exercise of the magistrate's power under subdivision (5) may reduce the possible maximum sentence faced by a defendant, forfeiting that opportunity for reduction of charges does not, as we note above, affect fundamental trial rights nor does it *adversely* impact the range of permissible punishments or other direct penal consequences. A defendant charged with a "wobbler" felony offense who pleads guilty to that offense is accurately advised of the possible maximum punishment by being told of the

possible maximum felony sentence. Telling a criminal defendant of the whole panoply of potential procedural devices which might be available to assert defenses or mitigate ultimate punishment will not contribute to the defendant's fundamental understanding of how a plea of guilty affects his basic trial rights nor advance his understanding of the direct penal consequences which may be imposed after a plea of guilty.

Looked at in another way, the concern that defendant raises is the preservation of the "right" or opportunity to have an independent judicial determination of the level of the charged offense. This right was vindicated in *Esteybar*. (See 5 Cal.3d at p. 126.) A plea of guilty prior to a preliminary examination, however, does not deprive defendant of this important safeguard. The superior court is given specific authority to reduce a "wobbier" offense to a misdemeanor offense at and after the time of sentencing.[8]

We thus conclude that a defendant entering a plea of guilty before being held to answer on a wobbler offense charged in a complaint need not be advised of the consequences of that plea on the magistrate's power to reduce the offense to a misdemeanor at or before the preliminary examination.

■ Defendant next contends that the magistrate failed to appreciate and exercise the powers conferred by subdivision (5) *after* he had pled guilty and before the case was certified to the superior court for sentencing. As support for this contention, he points to the fact that, when accepting the plea, the magistrate advised him that sentencing would be imposed by the superior court and not the justice court. Thus, defendant argues, the magistrate failed to recognize that he could have declared the offense a misdemeanor and imposed sentence himself.

The procedures to be followed upon a plea of guilty to a felony complaint before a magistrate are set out in section 859a. That section provides that upon the plea, the magistrate, "shall immediately . . . certify the case . . . to the superior court, and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court." On accepting defendant's plea, the magistrate's jurisdiction over the offense ceased and he no longer had the power to reduce the offense. ■ ■ ■ At that point, the magistrate was obligated to certify the case immediately to the superior court for

---

[8]The superior court may reduce a "wobbler" felony to a misdemeanor by imposing a sentence other than prison (§ 17, subd. (b)(1)); by committing a defendant to the Youth Authority and designating the offense as a misdemeanor (§ 17, subd. (b)(2)); or by granting probation without imposing sentence and contemporaneously or subsequently declaring the offense a misdemeanor (§ 17, subd. (b)(3)).

sentencing. (*People* v. *Miskiewicz* (1984) 158 Cal.App.3d 820, 825-826 [204 Cal.Rptr. 873].)[9]

Having failed to establish any error in accepting his plea and certifying the case to superior court as a felony, defendant's assertion that he was deprived of his right to sentencing by the magistrate sitting as a justice court judge under *People* v. *Arbuckle, supra,* 22 Cal.3d 749, also fails. Not only was his plea unconditional, and thus not implicating *Arbuckle* at all, but his plea was to a felony properly subject to sentencing by the superior court even if a plea bargain were involved. (*People* v. *Miskiewicz, supra,* 158 Cal.App.3d 820.)

Defendant's related contention concerning the weapons enhancement also fails. Defendant contends that he should have been advised that admission of the section 12022, subdivision (b), enhancement "fixed" the section 243 offense as a felony. The argument puts the cart before the horse. The sentence enhancement made possible by subdivision (b) of section 12022 applies, on its face, only to felonies or attempted felonies. If either the magistrate or sentencing superior court judge determined the substantive section 243 offense to have been a misdemeanor, the section 12022 allegation would have been of no moment.

Finally, defendant complains of the order made under section 987.8 for repayment of costs of his court-appointed counsel. Defendant correctly points out that the original order for payment was not preceded by the hearing required by section 987.8. The subsequent order of inability to pay and the passage of six months from the time of that order renders the issue moot, however. (§ 987.8, subd. (a); *People* v. *Spurlock* (1980) 112 Cal.App.3d 323 [169 Cal.Rptr. 320].)

---

[9]As we point out, *ante,* footnote 6, there may be opportunities for a defendant to have reduction of an offense considered without a preliminary examination and before entering a plea of guilty. Defendant is entitled to an independent determination of the level of offense under subdivision (5) at any time, "at or before" the preliminary examination or a holding order. Where the preliminary examination is conducted, he may move for reduction based on the circumstances disclosed as to the charged offenses and as to any other offenses disclosed by the evidence. (*Esteybar* v. *Municipal Court, supra,* 5 Cal.3d at pp. 125-126; *People* v. *Manning* (1982) 133 Cal.App.3d 159, 167 [183 Cal.Rptr. 727].) The language of the section also provides for reduction before the preliminary examination. We assume, but need not decide here, that presentation of an evidentiary basis for reduction prior to the conduct of the preliminary examination will also allow the exercise of discretion conferred by subdivision (5). Where no preliminary hearing is held, however, it would be incumbent upon defendant to present the circumstances that would warrant reduction and thus provide the basis for the exercise of discretion by the magistrate. Defendant made no such showing here and, in our view, waived any right to have consideration for reduction independent of the conduct of the preliminary examination. (See *People* v. *Manning, supra,* 133 Cal.App.3d at pp. 167-168.)

The judgment is affirmed.

Regan, Acting P. J., and Sparks, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 2, 1986.