[No. F009457. Fifth Dist. Oct. 7, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY ORAN SMITH, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

John Murcko, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jane N. Kirkland and Lisbeth Bellet, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT*—

### STATEMENT OF THE CASE

On June 2, 1987, appellant pled nolo contendere before a magistrate to two felony charges alleging a violation of Penal Code[1] section 288, subdivision (a) (lewd or lascivious conduct with a child under 14 years of age) and a violation of section 288a, subdivision (c) (oral copulation with another person who is under 14 years of age and more than 10 years younger than the defendant). The matter was certified to the superior court pursuant to section 859a.

---

\* Before Franson, P. J., Woolpert, J., and Martin, J.

[1] All statutory references are to the Penal Code unless otherwise indicated.

Thereafter, the superior court granted appellant's motion to remand his case to the municipal court because of the magistrate's failure to advise appellant of the mental condition report proceedings authorized by section 288.1.[2]

The magistrate denied appellant's motion to withdraw his plea and recertified the case to the superior court for sentencing.

The superior court denied probation and imposed the upper prison term of eight years for violation of section 288, subdivision (a) and a consecutive two-year midterm for violation of section 288a, subdivision (c).

Appellant makes two contentions on appeal: First, the magistrate erred in denying the motion to withdraw the nolo contendere plea. Second, when sentencing appellant, the superior court erroneously failed to consider factors in mitigation and considered improper factors in aggravation. We reject both contentions and affirm the judgment.

## STATEMENT OF FACTS

Between January 28, 1987, and February 4, 1987, appellant forced his 10-year-old daughter to orally copulate him. Afterward, he touched her vaginal area with his tongue and then placed his erect penis either on or inside her vagina. The daughter had not reported these incidents because appellant had threatened to beat her "half to death." She believed the threat because appellant "had hit her before when 'he was doing it.'"

## DISCUSSION

I. *The magistrate properly denied appellant's motion to withdraw his plea.*

■ The record shows appellant was fully advised of his *Boykin-Tahl* rights before entering his plea. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) He also was advised of the primary and direct consequences of his plea including the permissible range of sentences. (*In re Birch* (1973) 10 Cal.3d 314, 319-320 [110 Cal.Rptr. 212, 515 P.2d 12]; *Bunnell* v.

---

[2] Section 288.1 reads: "Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his sentence suspended until the court obtains a report from a reputable psychiatrist, or from a reputable psychologist who meets the standards set forth in Section 1027, as to the mental condition of that person."

*Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) Appellant was further advised that, although his case would be referred to the probation department, no decision had yet been made as to the sentence, and the court would not be bound by the recommendation of the probation department, the district attorney or defense counsel.

Although the court did not mention the mental condition report authorized by section 288.1, the evaluation under this statute must be deemed a "collateral . . . procedural consequence[ ]" which does not "directly impact on the fundamental implications" of the plea. (See *People* v. *Kunkel* (1985) 176 Cal.App.3d 46, 53 [221 Cal.Rptr. 359].) In other words, advising appellant that his sentence could not be suspended without first obtaining a report from a reputable psychiatrist or psychologist concerning his mental condition would not have assisted appellant in understanding the permissible extent of his punishment, i.e., the nature of the penalties and sanctions resulting from his plea. (*In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561].) Regardless of the contents of such a mental report, the court would have been free to grant or deny probation at its discretion under section 1203.[3] Thus, there is no basis to conclude that appellant would not have entered his plea if he had been informed of the section 288.1 requirement.

II. *The trial court acted within its discretion in imposing the upper base term.* *

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

The judgment is affirmed.

---

[3] The provisions of section 1203.066 which prohibit probation for any person convicted of violating section 288 when the act is committed by use of force or fear of immediate bodily injury or committed by a person occupying a position of special trust with the victim or by a person who has substantial sexual contact with a victim under the age of 11 years are inapplicable to this case because of the absence of allegations of such facts in the accusatory pleading at the time of the plea. (§ 1203.066, subd. (d).)

*See footnote, *ante,* page 1496.