Filed 2/26/15  P. v. Super. Ct. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

THE PEOPLE,
        Petitioner,

v.

THE SUPERIOR COURT OF SONOMA COUNTY,
        Respondent;

CHRISTIAN SANCHEZ-CABALLERO,
        Real Party in Interest.

A143887

(Sonoma County
  Super. Ct. No. SCR 644465)

Petitioner, the People, filed a complaint charging real party (Sanchez-Caballero) in interest with several counts of residential burglary and robbery and related enhancements arising from an armed home invasion.  After amending the complaint to include a gang enhancement, a preliminary hearing was held after which real party was held to answer on the charges in the first-amended complaint.  No finding was made on the gang enhancement.  Petitioner subsequently filed an amended information which alleged additional kidnapping charges arising from the armed home invasion.  Real party in interest filed a motion to dismiss the kidnap charges, pursuant to Penal Code section 995.  After a hearing on the motion, the superior court dismissed the kidnap charges on the theory that Sanchez-Caballero was deprived of adequate notice.  Under the California Penal Code, the prosecution is allowed to amend an information where, as here, the

1

amended charges are both based upon evidence adduced at the preliminary hearing and are transactionally related to the charge(s) for which the defendant was held to answer; thus, the trial court erred in dismissing the kidnap counts. Therefore, utilizing the expedited *Palma* procedure, we reverse the superior court's order dismissing those charges. (*Palma v. U.S. Industrial Fasteners, Inc*. (1984) 36 Cal.3d 171.)

### FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2014 Sanchez-Caballero was charged by complaint with three counts of robbery, in violation of Penal Code section 211 and one count of residential burglary, in violation of Penal Code section 459 (burglary). The complaint also included enhancements pursuant to Penal Code sections 213, subd. (a)(1)(A) (first degree robbery) and 12022.53, subd. (b) (fire arms enhancement). On July 14, 2014, the complaint was amended to allege a street gang enhancement pursuant to Penal Code section 186.22, subd. (b)(1)(c).

A preliminary hearing was held in August 2014, on the alleged charges and the following evidence was adduced: On May 15, 2013 at approximately 10 p.m. Jessica Ramirez, Danielle Uekert, and John Gonzalez were home, watching television, when the doorbell rang. Ramirez answered the door and saw someone dressed in a pizza delivery outfit. Assuming her roommate Gonzalez had ordered pizza, she unlocked the metal gate allowing entry into the apartment and returned to the couch. As she sat down, she observed two men armed with guns enter her apartment. One of them put a gun to her head and ordered her to get up. The second man pointed a gun at Gonzalez and ordered him to get up. Ramirez, Uekert, and Gonzalez, were ordered by the gunmen to go into the bathroom — a distance of approximately 18 feet from the couch. When they reached the bathroom, they were told to undress, and instructed to crouch down in the bathtub facing the tile, which they did. One intruder remained in the bathroom, gun drawn, making sure they stayed facing the wall. The second intruder left the bathroom and thereafter Ramirez heard what sounded like someone opening drawers, pulling out their contents, and opening doors. At some point, the intruders took Ramirez from the

2

bathroom and ordered her to open a safe located in one of the rooms in the apartment. She complied. The gunman took everything in the safe which included jewelry, money, and bullets. They also took guns Ramirez had. Ultimately, one of the men returned Ramirez to the bathroom and placed her back in the bathtub. The gunman then took Gonzalez from the bathroom to his room. It sounded to Ramirez like Gonzalez was being hit and asked about where he had jewelry. He was then brought back into the bathroom. After wiping down the bathroom floor with towels, the two men closed the door and instructed the victims that they could come out after counting to 30. Later, when Ramirez left the bathroom the two men were gone.

At the conclusion of the preliminary hearing, Sanchez-Caballero was held to answer on all counts, but not on the gang enhancement. On August 19, 2014, however, the People filed an information alleging three additional counts — violations of kidnapping, pursuant to Penal Code section 209. These counts were not reflected in the complaint at the time of the preliminary hearing. Sanchez-Caballero moved to dismiss the kidnap charges, pursuant to Penal Code section 995. After several hearings on the motion, the trial court dismissed all kidnap charges.

In granting the motion to dismiss, the superior court indicated that its decision was "very close." It initially found that there "certainly" was "asportation involved . . . there was clear movement." The superior court determined that the preliminary hearing focused on whether this was a gang crime, not on whether there was sufficient evidence to uphold the kidnapping charge. Relying on *People v. Manning* (1982) 133 Cal.App.3d 159, it concluded that the defense did not have notice of the kidnapping charge and had no opportunity to mount a defense to that charge; thus it granted the Penal Code section 995 motion to dismiss the three kidnapping charges.

On January 7, 2015 the People filed the instant petition seeking to compel the superior court to vacate its order dismissing the added kidnapping counts and to issue a new order denying Sanchez-Caballero's motion to dismiss. On January 9 we requested informal briefing and gave notice pursuant to *Palma v. U.S. Industrial Fasteners, Inc.,*

3

*supra,* 36 Cal.3d 171, 180, that we were considering the issuance of a peremptory writ in the first instance.

## DISCUSSION

### I.  THE STANDARD OF REVIEW.

The standard of review, which both the superior court and we are to employ in ruling on Penal Code section 995 petitions, is well settled.  "An appellate court must apply the same standard of review here as the superior court does initially in deciding a section 995 motion based only upon a preliminary hearing transcript.  Both courts act as reviewing courts, hence every legitimate factual inference must be drawn to uphold the magistrate's decision.  (*Caughlin v. Superior Court* (1971) 4 Cal.3d 461, 464-465.)" (*People v. Superior Court (Maciel)* (1982) 134 Cal.App.3d 893, 897, fn. 5.)  "Every legitimate inference that may be drawn by the reviewing court from the evidence must be drawn in favor of the information," and we review the preliminary hearing transcript directly.  (*Caughlin v. Superior Court, supra,* 4 Cal.3d at pp. 464-465.)  Factual findings by the magistrate are to be affirmed if they are supported by substantial evidence; in the absence of factual findings, we independently review the evidence to determine whether it supports the amended information.  (*People v. Childs* (1991) 226 Cal.App.3d 1397, 1406.)

### II.     AMENDING THE INFORMATION TO INCLUDE THE KIDNAPPING CHARGES WAS PROPER.

Penal Code section 739, allows the People to file an information against a defendant, charging him either with the offense(s) contained in the order of commitment or "*any offense or offenses shown by the evidence taken before the magistrate to have been committed.*"  (Pen. Code § 739, italics added.)  Furthermore, Penal Code section 1009 states, in pertinent part, "[A]n indictment, accusation or information may be amended by the district attorney, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained."  In *People v. Manning, supra,* 133 Cal.App.3d 159, our colleagues in the Fifth District delineated the scope of

4

amendments authorized pursuant to Penal Code section 739.  The *Manning* court held that "unless the magistrate makes factual findings to the contrary, the prosecutor may amend the information after the preliminary hearing to charge any offense shown by the evidence adduced at the preliminary hearing provided the new crime is transactionally related to the crimes for which the defendant has previously been held to answer." (*Manning, supra,* 133 Cal.App.3d at p. 165.)  It further held that because the defendant and defense counsel were present at the preliminary hearing, they had "notice of the potential charges he might have to face." (*Id*. at p. 167.)  Adequate notice is provided by the nature of the evidence itself, rather than the crimes originally charged.  (See *People v. Donnell* (1976) 65 Cal.App.3d 227, 233 ["it is not the complaint but the totality of the evidence produced at the preliminary hearing which notifies the defendant of the potential charges he may have to face in the superior court"].)

The kidnapping counts alleged here are clearly transactionally related to the alleged robbery/burglary counts because they arose out of the same event.  (See *People v. Bartlett* (1967) 256 Cal.App.2d 787, 790-791.)  No party disputes that.

Moreover, the evidence adduced at the preliminary hearing establishes that defense counsel was aware of the potential kidnapping charges.  For example, during his cross-examination of witness Ramirez, counsel inquired as to the distance the victims were required to move from the couch, where they were sitting, to the bathroom, where they were forced to go.  The distance the victims were compelled to move is relevant to proof of asportation, an element of simple or aggravated kidnapping.  (*People v. Bell* (2009) 179 Cal.App.4th 428, 435 [discussing asportation as an element of kidnapping]; *People v. Lujano* (2014) 229 Cal.App.4th 175, 184 [listing elements of burglary]; *People v. Gomez* (2008) 43 Cal.4th 249, 255 [listing elements of robbery].)[1]  Thus, based on the

---

[1]     Robbery does include an element of asportation; however, for purposes of a robbery, asportation involves carrying property away — not the movement of the victims. (See *Gomez, supra,* 43 Cal.4th at p. 255.)  Here, defense counsel was inquiring how far the victims had to move.

evidence presented at the preliminary hearing, real party in interest had notice of the potential for kidnapping charges to be filed.

Our conclusion is buttressed by the superior court's initially ruling on the motion wherein the court stated (1) there was asportation — clear movement — (2) that the victims were made to feel vulnerable, and (3) that there is a reasonable inference that the victims were moved to an area where they were less likely to be observed by others. Thus, there was sufficient evidence adduced at the preliminary hearing to support notice of and the elements of the kidnap charges alleged in the amended information.[2]

Because the prosecution is entitled to amend the information to charge new crimes that are transactionally related to the crime(s) for which the defendant was originally held over and because there was sufficient evidence presented at the preliminary hearing to support the kidnapping charges, real party in interest's motion to dismiss should have been denied.

## CONCLUSION

The *Palma* procedure is appropriate "when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236-1273 & 1240-1241.) Here, the record and applicable law are clear and the *Palma* procedure is appropriate to expedite the resolution of this case. Consequently, the superior court is ordered to vacate its November 7, 2014 order in *People v. Sanchez-Caballero,* Sonoma County Superior Court Case No. SCR 644465 dismissing the three kidnapping charges and to issue a new order denying the motion to dismiss those counts.

_____

---

[2] Other than the claim that the evidence shows that the asportation of the victim was merely incidental to the robbery, real party does not challenge any other elements of the alleged kidnapping.

Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.