Filed 11/12/15  P. v. Dodd CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B262274 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA411071) |
| v. | |
| FREDERICK DODD, | |
| Defendant and Appellant. | |

THE COURT:[*]

Frederick Dodd (defendant) appeals from an order denying his petition for resentencing pursuant to Proposition 47 (Pen. Code, § 1170.18).[1]  In June 2013, in exchange for drug treatment and probation, defendant pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted the truth of prior convictions for:  (1) possession of a controlled substance in 2007 (Health & Saf. Code, § 11377, subd. (a)); (2) two counts of second degree burglary in 1997, and 2002 (§ 459); and (3) murder in 1985 (§ 187).

On December 11, 2014, defendant filed a petition for resentencing pursuant to Proposition 47.  Defendant alleged that he had suffered prior convictions for second

_____

[*]    BOREN, P.J.,            CHAVEZ, J.,            HOFFSTADT, J.

[1]    All further references to statutes are to the Penal Code, unless stated otherwise.

degree burglary in 1997, and possession of a controlled substance in 2008. He did not list any other convictions.

On January 5, 2015, the trial court denied defendant's petition ruling that his prior convictions ruled him ineligible for resentencing.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On August 27, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

Proposition 47 created a procedure for recall of sentence for persons currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act had the act been in effect at the time of the offense. (§ 1170.18, subd. (a).) Such an offender "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" based on the reduced misdemeanor status of the amended offenses. (*Ibid.*)

As relevant here, Proposition 47 amended section 11377 of the Health and Safety Code. Prior to that amendment, possession of controlled substances in violation of section 11377 of the Health and Safety Code was a wobbler, i.e., an offense that is punishable *either* by imprisonment in the state prison or by incarceration in the county jail. (Health & Saf. Code, former § 11377; *In re Manzy W.* (1997) 14 Cal.4th 1199, 1210; *People v. Kunkel* (1985) 176 Cal.App.3d 46, 51.)

However, the recall-of-sentence procedure of Proposition 47 is not applicable to "persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.18, subd. (i).)

Defendant's conviction for murder in 1985 is a "homicide offense" under subdivision (e)(2)(C)(iv)(IV) and thus renders him ineligible for resentencing.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.