[Crim. No. 11835. Third Dist. Feb. 16, 1982.]

In re THERESA TORRES on Habeas Corpus.

**COUNSEL**

Bloodgood & Dwyer and Gregory Ward Dwyer for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie Keller and Raymond L. Brosterhous II, Deputy Attorneys General, for Respondent.

**OPINION**

**PUGLIA, P. J.**—Petition for writ of habeas corpus in which review is sought of a superior court order under Penal Code section 871.5 reinstating a felony complaint which had been dismissed by the magistrate. We will hold that Penal Code section 871.5 provides for review of the challenged order by a statutory motion to dismiss the information (Pen. Code, § 995; all further statutory references are to sections of the Penal

Code). Since habeas corpus does not lie, the instant petition will be dismissed.

Petitioner was charged in a felony complaint filed in the Sacramento Municipal Court with multiple violations of section 273a, subdivision (1). A preliminary examination was held after which the magistrate ruled the evidence insufficient to hold defendant to answer, discharged her and dismissed the complaint. (§ 871.)

The People filed a motion in superior court under section 871.5 to compel reinstatement of the complaint. After hearing, the superior court ordered the complaint reinstated, expressing uncertainty as to whether the magistrate had employed the proper standard of proof in dismissing the complaint and discharging petitioner: "... it is not clear to the Court whether or not [the magistrate] used probable cause in his dismissing it, in which event that would be within his purview or if he applied reasonable doubt, in which event, as a matter of law, he would be wrong."

The court remanded the matter for clarification of the standard of proof relied upon by the magistrate. On remand, the magistrate, without taking further evidence, ordered that petitioner be held to answer in the superior court.

An information was filed charging multiple violations of section 273a, subdivision (1), and petitioner was arraigned thereon. In this application for writ of habeas corpus, petitioner challenges the superior court's order of reinstatement under section 871.5. Petitioner has not moved the superior court to set aside the information under section 995, claiming that relief pursuant to that section is inappropriate and unavailable. The instant petition alleges that "Petitioner has no plain, speedy and adequate remedy in the ordinary course of law in that no remedy has been provided for pretrial review of the Superior Court orders vacating the Magistrate's order of discharge under the unique circumstances of this case ... A motion pursuant to ... § 995 does not reach the jurisdiction of the Superior Court in remanding this case ...."

Section 871.5 reads in pertinent part: "If the motion to reinstate the complaint is granted [by the superior court], the defendant *may seek review thereof only pursuant to Sections 995 and 999a.* Such review may only be sought in the event the defendant is held to answer pursuant to Section 871." (Italics added.)

With respect to the subject of a motion under section 871.5, there is nothing before the superior court other than the motion. The superior court's original criminal jurisdiction has not been invoked as with the filing of an information or indictment or the certification of a felony complaint to which defendant has pled guilty or nolo contendere. (§§ 682, 737, 949, 859a.) Section 871.5 confers upon the superior court a limited role in the preliminary examination and discharge or commitment of a defendant on felony charges pending before a magistrate. To that limited extent, section 871.5 plainly contemplates that action of the superior court in response to a motion to reinstate is as much a part of the process of examination, discharge or holding to answer found in part 2, title 3, chapter 7 of the Penal Code as the conduct of those proceedings by the magistrate. ■ Accordingly, an order reinstating a felony complaint which is followed by a magistrate's holding order is reviewable on a motion to set aside the information under Penal Code section 995 on the grounds "That before the filing thereof the defendant had not been legally committed by a magistrate." (§ 995.) As petitioner has not availed herself of the exclusive statutory remedy to test the propriety of the order of reinstatement, the writ of habeas corpus must be dismissed.

We assume that defendant will now pursue her remedy under section 995. Therefore in the interest of judicial economy, we address the merits of petitioner's challenge to the order of reinstatement. ■ Section 871.5 provides but one ground upon which the superior court may order reinstatement of a felony complaint: "that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof." Here the magistrate articulated the correct standard of proof in discharging defendant: "there is not sufficient cause to believe the defendant guilty of the offenses mentioned, and therefore, I'd order her to be discharged." (See § 871.) The superior court erred in reinstating the complaint and remanding the matter to the magistrate.

The writ of habeas corpus is dismissed and the temporary stay of trial issued by this court is vacated. This order is final forthwith.

Regan, J., and Evans, J., concurred.