[No. A070313. First Dist., Div. Two. Feb. 8, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
ALAN D. DRAPER, Defendant and Respondent.

## Counsel

Arlo Smith, District Attorney, and Cheryl L. Matthews, Assistant District Attorney, for Plaintiff and Appellant.

Jeff Brown, Public Defender, Stephen Rosen, Katherine T. Asada, Deputy Public Defenders, and Peter G. Keane for Defendant and Respondent.

## Opinion

## HAERLE, J.—

### I. Introduction

In this appeal by the People, we consider the question of whether a municipal court judge sitting as a magistrate must—or even may—revisit the issue of whether to exercise his discretion under Penal Code section 17, subdivision (b)(5),[1] to reduce a felony charge brought under a "wobbler" type of statute to a misdemeanor after the case has been returned to him by the superior court via an order, issued under section 871.5, reinstating as a felony a "wobbler" count previously dismissed at the preliminary hearing under section 871. We hold that, particularly under the circumstances presented here, the magistrate was neither required nor permitted to revisit that issue.

### II. Factual and Procedural Background

The factual background of this case is, as will become apparent, much less important than the procedural background and hence will be summarized very briefly. Suffice it to say that, on the afternoon of August 24, 1994, respondent allegedly harassed and pursued—all the time while in his automobile—two San Francisco women, a mother and daughter, who were in the former's automobile. His alleged conduct consisted of driving his car directly at the women's car, stopping it several times a matter of inches from their car, making fast and threatening "donut" circles with his car in front of the direction the women were trying to drive in their car, and several times shouting at them, from his car, phrases such as "You're not going to

---

[1] All further statutory references are to the Penal Code.

disrespect me. God is going to see to that and I am too." Neither woman knew the respondent, and the driver testified that she was frightened and upset by his actions.

Respondent was arraigned on December 2, 1994, on a complaint charging him with felony violations of sections 646.9, subdivision (a), 422 (two counts) and 524 and a misdemeanor violation of section 417, subdivision (a)(1). A preliminary hearing was held on January 3, 1995,[2] in department 20 of the municipal court, Judge J. Dominique Olcomendy sitting as a magistrate. The prosecution presented the woman driver of the other car and the arresting officer; the respondent presented no evidence. The transcript of the hearing clearly suggests that both counsel assumed the court was considering whether it should exercise its power under section 17, subdivision (b)(5), to reduce one or more of the four "wobbler" counts[3] which had been charged as felonies to misdemeanors.

At the conclusion of counsels' argument, it became apparent, however, that the magistrate had other ideas. He concluded that the prosecution had not met its burden of proof as to four of the five counts charged: the counts under sections 646.9, subdivision (a), 422 (two counts), and 417, subdivision (a)(1) (charged as a misdemeanor). He discharged those counts under section 871, leaving in only the section 524 charge, which he reduced to a misdemeanor pursuant to section 17, subdivision (b)(5). He made no factual findings.

The prosecution brought a timely motion before the superior court under section 871.5 to compel reinstatement of the felony charges brought under sections 646.9, subdivision (a), 422 (two counts), and the misdemeanor charge under section 417, subdivision (a)(1). The motion was heard by Superior Court Judge David Garcia who ruled that the section 646.9, subdivision (a), charge should be reinstated as a felony and the section 417, subdivision (a)(1), misdemeanor charge similarly reinstated.[4] He ruled that the two section 422 charges had been properly discharged.

On March 24 the matter was back before Judge Olcomendy pursuant to Judge Garcia's reinstatement order. Defense counsel promptly moved that the one remaining felony charge, that under section 646.9, subdivision (a),

---

[2]All dates subsequently noted are in 1995.

[3]I.e., those counts charging violations of sections 422, 524 and 646.9, subdivision (a), all of which may be charged and punished as either felonies or misdemeanors.

[4]The order included in the clerk's transcript contains an error in this regard; it reverses the felony/misdemeanor descriptions of the two counts, but the transcript of the hearing makes clear that Judge Garcia reinstated the section 646.9, subdivision (a) charge as a felony and specifically intended to do just that. The parties agree that that was what in fact happened.

be reduced to a misdemeanor pursuant to section 17, subdivision (b)(5). The magistrate declined to do so, stating that "the way the order is worded . . . it takes away any discretion from this Court to do anything except send it back to the Superior Court if there is a felony."

On April 7 respondent was arraigned in superior court on the one felony count remaining, i.e., the one charging a violation of section 646.9, subdivision (a), and the two misdemeanor counts under sections 524 and 417, subdivision (a)(1). Soon thereafter, his counsel moved the superior court to dismiss the felony count pursuant to section 995 on the ground that the magistrate's failure to consider his request to reduce the one remaining felony count to a misdemeanor under section 17, subdivision (b)(5), amounted to a denial of a "substantial right." The court (this time Judge Jack Berman) granted the motion. The People, through the San Francisco District Attorney, timely appealed the dismissal under section 995; they seek a reinstatement of the section 646.9, subdivision (a), felony count.

### III. DISCUSSION

 We will reverse the section 995 order of the superior court. That order, in our view, was based on a misinterpretation by Judge Berman of the relevance of the authorities upon which he (and the respondent) relied and, additionally, a failure to appreciate the impact of Judge Garcia's order under section 871.5.

 Section 995 entitles a defendant in a criminal case to a dismissal of an information on timely motion when, because of a denial of a "substantial right at the preliminary examination," the ensuing commitment is rendered illegal. (See *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 523 [165 Cal.Rptr. 851, 612 P.2d 941] [where examples of rights the denial of which has led to the affirmance of dismissals under § 995 are listed].) Judge Berman ruled that such a denial occurred here because of the magistrate's refusal to consider reducing the felony charge to a misdemeanor under section 17, subdivision (b)(5), the second time the matter was before him.

At the hearing on the section 995 motion, and by way of explanation of his decision, Judge Berman relied on two cases, *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140] (hereafter *Esteybar*) and *Jackson* v. *Superior Court* (1980) 110 Cal.App.3d 174 [167 Cal.Rptr. 749] (hereafter *Jackson*). In the former case, our Supreme Court held that a statute that required the consent of the prosecutor before a magistrate could reduce a felony charge to a misdemeanor under section 17, subdivision (b), violated the doctrine of separation of powers. In the course of so holding, the

court observed that the power of a magistrate to hold "a defendant to answer a felony or a misdemeanor charge is a judicial act and involves an exercise of judicial discretion" which could not be constitutionally infringed upon by requiring prosecutorial consent. (*Esteybar, supra*, 5 Cal.3d at p. 126.)

In *Jackson*, the appellate court picked up the theme from *Esteybar* and held that it was error for the magistrate to refuse to even consider the issue of a reduction pursuant to section 17, subdivision (b), unless and until the defendant agreed to plead guilty to the misdemeanor charge.

*Esteybar* and *Jackson* thus both involved total denials of consideration of a section 17, subdivision (b), reduction, the former because the prosecutor would not agree to it and the latter because the magistrate would not do it—in both instances, unless and until the defendant agreed to plead guilty to an ensuing misdemeanor charge. There was no such denial here. Indeed, the record of the initial preliminary examination before Judge Olcomendy makes clear that both counsel assumed that the key issue was whether any or all of the several "wobbler" counts charged as felonies should be reduced to misdemeanor status.[5] Thus, the section 17, subdivision (b)(5), option *was* considered by the magistrate in the first instance.[6] He simply decided to go one step further and dismiss the pertinent charge entirely. By arguing that, after the remand of the case by the superior court pursuant to section 871.5, he is entitled to yet another "exercise of discretion" under section 17, subdivision (b)(5), respondent is essentially asking for a second bite out of the apple. Such a second bite is not even permitted much less mandated by the Penal Code sections involved.[7]

This is particularly so where, as here, the superior court has carefully reviewed the magistrate's original order of discharge under section 871.5 and determined that the pertinent charge should be reinstated, *and reinstated*

---

[5]The transcript of the preliminary hearing contains many references by both counsel arguing the matter to section 17, subdivision (b)(5). The conclusion is inescapable that both counsel thought that, realistically, the issue before the court was whether to reduce any or all of the "wobbler" counts charged as felonies to misdemeanor status.

[6]This is a point that is rather clearly overlooked in respondent's briefing: at least three times, he argues that the magistrate "never reached a consideration" of reducing the charge to a misdemeanor. This is clearly incorrect. What happened was that the magistrate simply did far more than reduce the charges to misdemeanors.

[7]In any event, the exercise of judicial discretion under section 17, subdivision (b), is not foreclosed as to respondent. If he is convicted of a violation of section 646.9, subdivision (a), the charge at issue in this appeal, he may of course renew his request for the exercise of that discretion at the time of sentencing under section 17, subdivision (b)(1) or (b)(3).

*as a felony.*[8] Judge Garcia, in announcing his decision on the section 871.5 motion, specifically said:

"THE COURT: 646.9(a), the stalking allegation and the violation of Penal Code Section 417(a)1, this Court would intend to reinstate as felonies.

"Ms. ROWLAND: 417(a)1, I assume, would be as a misdemeanor?

"THE COURT: That's what I meant to say. The stalking would be a felony and 417(a)1 would be a misdemeanor."

As a consequence of the resulting order, it simply was no longer within the magistrate's power to reduce the felony charge to a misdemeanor. His authority, as he himself recognized when the matter was back before him, was then simply to issue the holding order under section 872. That this result is compelled under these circumstances is made clear by *People* v. *Childs* (1991) 226 Cal.App.3d 1397 [277 Cal.Rptr. 456] (hereafter *Childs*). There, at the preliminary hearing, the magistrate dismissed the grand theft charges against the defendant for lack of probable cause, and rejected the prosecutor's motion to make findings of fact. Then, as here, the prosecutor brought a section 871.5 motion for reinstatement to the superior court, which that court granted. When the matter was returned to the magistrate, he reinstated the charges and issued the holding order, but refused to state that there was sufficient cause to do so and, at the request of defense counsel, made factual findings that conflicted with those of the superior court. The defendant then, again as here, moved in superior court to dismiss the charge under section 995. That court denied the motion, treating the magistrate's belated findings as "surplusage."

The Court of Appeal affirmed and, in so doing, made clear that when, after reinstatement of a felony charge and the return of the matter to the magistrate, the latter's role and function becomes quite limited and he may not (as the defendant in *Childs* contended and as the respondent here also contends) simply "resume" the preliminary examination as if nothing had happened in the superior court. It held: "In the instant case, the magistrate heard all the evidence and any argument apparently occurred off the record. The magistrate declined to make factual findings and expressly dismissed charges for lack of probable cause. The magistrate's power to make factual findings exists to assist in the determination of sufficient cause. [Citation.]

[8]It is clear from a review of the record that Judge Garcia's order of reinstatement under section 871.5 was a carefully considered one. After initially announcing his intention to reinstate the charge, he heard argument from defense counsel on the issue and, in the course of that argument, discussed both the evidence and his reasoning process extensively.

*After the superior court determined the dismissal was erroneous as a matter of law and ordered reinstatement, there was nothing left for the magistrate to do but hold the defendant to answer.*" (*Childs, supra,* 226 Cal.App.3d at p. 1409, italics added.)

In response to the defendant's contention that, on remand, the magistrate was still entitled to make factual findings, the court responded: "It is the magistrate . . . who is empowered to make factual findings and determine the existence of probable cause in the first instance at the preliminary hearing. If he declines the opportunity, the superior court determines whether the defendant should be held to answer as a matter of law. The matter is then returned to the magistrate to hold the defendant to answer. The instant case presents an example of the preliminary hearing proceeding so far that there is nothing left for the magistrate to do but 'resume the proceedings' and hold the defendant to answer." (*Childs, supra,* 226 Cal.App.3d at pp. 1410-1411.)

Just so here: once the matter had been returned to the magistrate with Judge Garcia's express order to reinstate the section 646.9, subdivision (a), charge as a felony, the magistrate's authority was limited to issuing the section 872 holding order. He could not, at that point, revisit the issue of reducing the charge to a misdemeanor under section 17, subdivision (b)(5); as noted above, that point in the proceedings had been reached and passed the first time around.

## IV. Disposition

The order appealed from is reversed.

Kline, P. J., and Phelan, J., concurred.