126 Cal.Rptr.2d 82 (2002)
102 Cal.App.4th 1020
The PEOPLE, Plaintiff and Appellant,
v.
Carolyn KONOW et al., Defendants and Respondents.
No. D037680.
Court of Appeal, Fourth District, Division One.
October 9, 2002.
As Modified on Denial of Rehearing November 6, 2002.
Review Granted January 15, 2003.
*83 Paul J. Pfingst, District Attorney, Thomas F. McArdle, Anthony Lovett and Josephine A. Kiernan, Deputy District Attorneys, for Plaintiff and Appellant.
Michael J. McCabe, Los Angeles, under appointment by the Court of Appeal, for Defendant and Respondent Carolyn Konow.
Steven J. Carroll, Public Defender, under appointment by the Court of Appeal, Matthew Braner and Selena Dong, Deputy Public Defenders, for Defendant and Respondent Steven Rohrer.
Cynthia M. Sorman and Diane Nichols, San Diego, under appointment by the Court of Appeal, for Defendant and Respondent Amy Toosley.
Marianne Harguindeguy Cox, under appointment by the Court of Appeal, for Defendant and Respondent Daniel O'Neil.
O'ROURKE, J.
The People appeal from the court's Penal Code section 995[1] order dismissing criminal charges against Carolyn Konow, Stephen Rohrer, Amy Toosley, and Daniel O'Neil (collectively Defendants). We find the court erred on two alternative grounds: 1) the court erred because section 1385 does not confer a substantial right; and 2) the court erred because section 995 does not give the court the right to review a decision made by a coequal department of the superior court.
The People also urge us to address several other issues on which they prevailed. Because only an aggrieved party that suffers a prejudicial error can raise issues before the Court of Appeal,[2] we do not address these issues.

FACTUAL AND PROCEDURAL HISTORY
Defendants operated and/or worked in the California Alternative Medical Center, which sold marijuana to patients for their medical conditions. In a felony complaint filed May 17, 2000, Defendants were charged with three counts of selling marijuana. (Health & Saf.Code, § 11360, subd. (a).)
A preliminary hearing was held on September 5, 2000, before Judge Michael D. William Mudd.[3] All Defendants argued Proposition 215"the Medical Marijuana Initiative"implicitly authorized the distribution of marijuana by legitimate providers. (Health & Saf.Code § 11362.5.) Only Toosley and defendant Howard Rogers [4] argued there was insufficient evidence to hold them to answer. Judge Mudd dismissed the complaint against all remaining defendants on the following grounds: "1) statute is vague and ambiguous 2) denial of equal protection 3) denial *84 of due process." Judge Mudd interpreted Health and Safety Code section 11362.5 to contemplate sales of marijuana to qualified patients. Because the statute was "poorly drafted," it "fail[ed] to put the charged parties in this case on notice of what is proscribed, thus violating due process." Taking judicial notice of four municipal ordinances implementing Proposition 215, he also found the statute violated equal protection because the "charging of the crime is based solely on the fact the defendants reside in San Diego, a county that is still trying to get a consensus on a piece of legislation that was passed in 1996." He also stated, "Again, I wonder why under the circumstances this falls into a criminal court." Finally, Judge Mudd ruled against Defendants' affirmative defenses of advice of counsel and official authorization.
The People then moved the superior court to reinstate the complaint under Penal Code section 871.5. On October 31, Judge Howard Shore granted the motion, decidingas a matter of lawDefendants failed to establish any of the following affirmative defenses: implied defense under Health and Safety Code section 11362.5, mistake of law, reliance on advice of counsel, due process violation, and equal protection violation. Judge Shore directed the magistrate to determine whether the evidence presented proved Defendants sold marijuana in violation of Health and Safety Code section 11360, subdivision (a) and stated: "I have ruled on the issue of defenses and there will be no further discussion of defenses in front of Judge Mudd." At that point, the following colloquy occurred:
[Konow's counsel]: "You indicated that you were reversing the magistrate's determination or utilization of his power under [section] 1385 in so far [sic] as it relied on erroneous interpretations of the law. [¶] Do you mean by that that the magistrate may revisit that issue, if the exercise of discretion is not based upon an erroneous interpretation of the law, but upon his evaluationneutral evaluationof the circumstances, apart from such an interpretation?
The Court: "You mean can he find ways to get around my rulings?
[Konow's counsel]: "I guess so.
The Court: "No. All right."
On remand, Judge Mudd refused to consider Defendants' motion to dismiss the complaint under section 1385 because he had no authority to do so under Judge Shore's order. After stating his duty was to determine whether there was sufficient evidence to hold Defendants to answer, Judge Mudd ruled there was sufficient evidence. The People then filed an information charing Defendants.
Defendants then moved to set aside the information under section 995. The motion was heard and granted by Judge Wellington. Judge Wellington noted that although both parties stipulated Judge Mudd originally dismissed the complaint under section 1385, he found no evidence Judge Mudd had done so. Judge Wellington also found Judge Shore had not intended to eliminate Judge Mudd's section 1385 authority but merely limit him from dismissing the information on the constitutional grounds raised at the first preliminary hearing. Judge Wellington held Judge Shore had no authority to take away Judge Mudd's entire section 1385 power. Judge Wellington ruled Defendants were denied a substantial right of having the remand conducted by a magistrate able to exercise section 1385 authority; and he granted the section 995 motion and dismissed the information because he found the record showed Judge Mudd would have dismissed under section 1385 had he believed he had the authority to do so.

*85 DISCUSSION

I. Substantial Right

The court erred by granting Defendants' section 995 motion because section 1385 does not confer a substantial right upon Defendants. Section 995, subdivision (a)(2)(A) provides that the court shall set aside an information if "the defendant had not been legally committed by a magistrate." "`"The phrase `legally committed,' ... refers to the examination of the case and the holding of the defendant to answer, as prescribed by title 3, chapter 7, of the Penal Code." [Citation.] An information, of course, will not be set aside merely because there has been some irregularity or minor error in procedure in the preliminary examination. [Citation.] But where it appears that, during the course of the preliminary examination, the defendant has been denied a substantial right, the commitment is unlawful within the meaning of section 995, and it must be set aside upon timely motion. [Citations.]' (Italics added.)" (Jennings v. Superior Court (1967) 66 Cal.2d 867, 874, 59 Cal.Rptr. 440, 428 P.2d 304.) Substantial rights include cross-examination and presentation of an affirmative defense (id. at pp. 874-875, 59 Cal.Rptr. 440, 428 P.2d 304); the right to effective counsel (People v. Coleman (1988) 46 Cal.3d 749, 773, 251 Cal.Rptr. 83, 759 P.2d 1260); a one-session preliminary examination (People v. Bucher (1959) 175 Cal.App.2d 343, 346 P.2d 202); the exclusion of unauthorized persons from the courtroom during the hearing (People v. Elliot (1960) 54 Cal.2d 498, 6 Cal.Rptr. 753, 354 P.2d 225, overruled on another ground in People v. Pompa-Ortiz (1980) 27 Cal.3d 519, 529, 165 Cal.Rptr. 851, 612 P.2d 941); an open preliminary hearing (People v. Pompa-Ortiz, at p. 523, 165 Cal.Rptr. 851, 612 P.2d 941[5]); the magistrate's review of wobblers (Hartman v. Superior Court (1982) 135 Cal.App.3d 205, 185 Cal.Rptr. 182); and the due process right to mental competence (Hale v. Superior Court (1975) 15 Cal.3d 221, 228, 124 Cal.Rptr. 57, 539 P.2d 817).
Section 1385 does not confer a substantial right upon Defendants because, unlike the rights listed above, section 1385 confers no rights upon Defendants. Section 1385, subdivision (a) provides in part: "[T]he judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (Italics added.) The statute does not confer a statutory privilege upon defendants to move to dismiss an action; that privilege is limited to the court and the prosecuting attorney. (See, e.g., People v. Hernandez (2000) 22 Cal.4th 512, 522, 93 Cal.Rptr.2d 509, 994 P.2d 354.) Although a defendant may informally request the court to dismiss an action pursuant to section 1385 (People v. Ritchie (1971) 17 Cal.App.3d 1098, 1104, 95 Cal. Rptr. 462), "that section does not authorize the defendant to make a motion to dismiss in furtherance of justice. [Citation.] To recognize such motion and order would judicially enlarge the scope of section 1385 if the dismissal were intended in furtherance of justice. The Legislature limited the right to initiate the use of section 1385 to the People and to the court." (People v. Superior Court (Flores) (1989) 214 Cal. App.3d 127, 136, 262 Cal.Rptr. 576.)
We reject Defendants' contention that Defendants' right to invite the court to exercise its section 1385 power is a substantial right. In 1976, the Supreme *86 Court stated in dicta that when a defendant invites "the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, ... the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice." (Rockwell v. Superior Court (1976) 18 Cal.3d 420, 441-442, 134 Cal.Rptr. 650, 556 P.2d 1101.) Later courts, however, have not followed this dicta. Instead, in 2000 the Supreme Court cited People v. Superior Court (Flores), supra, 214 Cal.App.3d at pages 136-137, 262 Cal.Rptr. 576 and People v. Andrade (1978) 86 Cal.App.3d 963, 973-974, 150 Cal. Rptr. 662, both of which hold a court's granting of defendant's motion to dismiss cannot be pursuant to section 1385 because the statute does not allow a defendant the right to make such a motion. (People v. Hernandez, supra, 22 Cal.4th at p. 522, 93 Cal.Rptr.2d 509, 994 P.2d 354.) Moreover, the court in Jackson v. Superior Court (1982) 135 Cal.App.3d 767, 771, 185 Cal. Rptr. 766, held a magistrate's failure to consider a defendant's invitation to dismiss under section 1385 did not deny the defendant a substantial right.

II. Judge Wellington's Review of Judge Shore's Ruling

Alternatively, the court erred by granting Defendants' section 995 motion due to the procedural posture of the case. By reversing Judge Shore's ruling, Judge Wellington reversed a decision of a coequal department of the courta power not granted under the California Constitution, which gives the power to review a decision of the superior court to the Court of Appeal and to the Supreme Court. (Cal. Const., art. VI, § 11.)
Judge Mudd's dismissal of the complaint on the constitutional grounds of vagueness, due process and equal protection was a dismissal under section 1385. "A magistrate's powers at a felony preliminary hearing are purely statutory." (People v. Superior Court (Feinstein) (1994) 29 Cal.App.4th 323, 328, 34 Cal.Rptr.2d 503.) Section 1385 encompasses review of constitutional grounds in that the "amorphous concept" of "`in furtherance of justice' requires consideration of both the constitutional rights of the defendant ] and the interests of society represented by the People." (People v. Orin (1975) 13 Cal.3d 937, 945, 120 Cal.Rptr. 65, 533 P.2d 193, italics added, original italics omitted.) In cases where magistrates dismissed complaints on constitutional grounds, courts have upheld the dismissal pursuant to section 1385. (People v. Fay (1986) 184 Cal. App.3d 882, 889, 229 Cal.Rptr. 291 [4th Amend, violation]; Chism v. Superior Court (1981) 123 Cal.App.3d 1053, 1061-1062, 176 Cal.Rptr. 909 [5th and 6th Amends, violations].) Defendant Toosley's reliance on People v. Duncan (2000) 78 Cal.App.4th 765, 774, 93 Cal.Rptr.2d 173, is misplaced because it concerns the ruling of a superior court, not the ruling of a magistrate. (Id. at p. 774, 93 Cal.Rptr.2d 173 [holding the trial court's order dismissing the information because the defendant had been incompetent during the preliminary examination was not pursuant to section 1385].)
After a magistrate exercises his section 1385 authority, he has no power to exercise it again after remand. (People v. Draper (1996) 42 Cal.App.4th 1627, 50 Cal. Rptr.2d 335 (Draper).) The procedural posture of Draper parallels the procedural posture of this case. In Draper, the magistrate considered whether to reduce certain "wobbler" felonies to misdemeanors and, instead, dismissed them. (Id. at p. 1629, 50 Cal.Rptr.2d 335.) The court granted the section 871.5 motion and reinstated two "wobbler" counts and directed *87 that one of those counts be reinstated as a felony. (Draper, at p. 1630, 50 Cal.Rptr.2d 335.) On remand, the magistrate refused to consider whether to reduce the felony charge to a misdemeanor based upon the court's order after the section 871.5 hearing. (Draper, at pp. 1630-1631, 50 Cal. Rptr.2d 335.) After arraignment, the superior court granted defendant's section 995 motion, contending the court that held the section 871.5 hearing erred by taking away the magistrate's discretion to reduce the felony to a misdemeanor.
On appeal, the court held the section 995 motion should not have been granted because the magistrate had already considered whether to reduce the felonies to misdemeanors prior to dismissing the charges. "By arguing that, after the remand of the case by the superior court pursuant to section 871.5, [the magistrate] is entitled to yet another `exercise of discretion' under section 17, subdivision (b)(5), respondent is essentially asking for a second bite out of the apple. Such a second bite is not even permitted much less mandated by the Penal Code sections involved." (Draper, supra, 42 Cal.App.4th at p. 1632, 50 Cal.Rptr.2d 335, fn. omitted.) Similarly, Defendants here asked for a second bite of the apple by contending they were denied a substantial right because Judge Shore barred Judge Mudd from dismissing the case under section 1385.
We reject Defendants' reliance upon In re Torres (1982) 128 Cal.App.3d 826, 829, 180 Cal.Rptr. 700, and Chism v. Superior Court, supra, 123 Cal.App.3d 1053, 176 Cal.Rptr. 909, insofar as those cases hold a superior court entertaining a motion under section 871.5 has no authority to direct the magistrate to hold a defendant to answer. in 1982, after those cases were decided, section 871.5 subdivision (e) was amended to explicitly provide the court with that power: "When a court has ordered the resumption of proceedings before the magistrate, the magistrate shall resume the proceedings and when so ordered, issue an order of commitment for the reinstated offense or offenses within 10 days after the superior court has entered an order to that effect ...." (Italics added.)[6]
We also reject Defendants' reliance upon Los Angeles Chemical Co. v. Superior Court (1990) 226 Cal.App.3d 703, 276 Cal.Rptr. 647 (LA Chemical) because Defendants have not understood the important difference in the procedural posture of that case. There, the magistrate dismissed the case after granting a suppression motion. (Id. at p. 708, 276 Cal.Rptr. 647.) After the superior court granted the People's section 871.5 motion and denied the suppression motion, the preliminary hearing was resumed and the magistrate held defendants to answer. (LA Chemical, at p. 708, 276 Cal.Rptr. 647.) Rather than file a section 995 motion, the defendants sought writ relief. (LA Chemical, at p. 708, 276 Cal.Rptr. 647.)
On appeal, the court held defendants were required to file a section 995 motion prior to seeking writ relief, stating: "There is no inconsistency between th[e] statutory requirement [that defendants move under section 995 prior to seeking writ relief] and the general rule prohibiting a judge from interfering with the exercise of the power of another department of the same court. [¶] ... First, requiring the defendant to bring a motion pursuant to Penal Code section 995 under these circumstances affords the superior court *88 an opportunity to rule on all issues involving the validity of the order holding the defendant to answer before the defendant seeks appellate review, thus eliminating the need for successive petitions for writ review. Second, the superior court is provided an opportunity to rule upon any issues raised by the admission of additional evidence at the resumed preliminary hearing, prior to review by the appellate court. Finally, the need for appellate review may be obviated altogether by the superior court's rulings on issues other than those involved in the order reinstating the complaint." (LA Chemical, supra, 226 Cal.App.3d at p. 711, 276 Cal.Rptr. 647, italics added.)
As these reasons make clear, the purpose of a section 995 motion following a resumed preliminary hearing after the grant of an section 871.5 motion is to allow the superior court to review the additional proceedings before the magistratenot to grant a defendant a second review of the issue reviewed by the court that granted the section 871.5 motion. In LA Chemical, the superior court had additional proceedings to review: the magistrate had resumed the preliminary hearing and taken new evidence prior to holding defendants to answer. In this case, however, there was nothing for the magistrate to do but to hold the defendants to answera decision the magistrate had implicitly made prior to the section 871.5 court's ruling when he dismissed the complaint against defendant Rogers based on insufficient evidence prior to dismissing the complaints against Defendants on constitutional grounds.
We also reject Defendants' contention Judge Mudd erroneously refused to consider their motion to dismiss under section 1385. In that motion, Defendants contend that under section 1385, a magistrate may consider "`[a] defendant's background,' `the nature of his present offenses,' and other `individualized considerations.' " (People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 531, 53 Cal.Rptr.2d 789, 917 P.2d 628.) The cases upon which Defendants rely concern what a sentencing court may consider when deciding whether to exercise its discretion to strike a strike under section 1385. We agree such considerations are appropriate when a court exercises its discretion during sentencing. (Cal. Rules of Court, rules 4.406, 4.413, 4.414, 4.420.425, 4.428.) Such considerations are not appropriate when a magistrate, whose powers are purely statutory, considers whether to hold a defendant to answer.
Defendants were not without a remedy; they could have sought relief by moving for a writ of prohibition under section 999a before the Appellate Court. (Cal. Const., art. VI, § 11.)

DISPOSITION
The court's order granting Defendants' Penal Code section 995 motion is reversed and the court is ordered to reinstate the information.
WE CONCUR: HUFFMAN, Acting P.J., and HALLER, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] People v. Lee (1999) 20 Cal.4th 47, 57, 82 Cal.Rptr.2d 625, 971 P.2d 1001 [defendant may not appeal errors favorable to him].
[3] Judge Mudd, or any judge holding the preliminary hearing prior to a case bound over for trial, is referred to as a magistrate.
[4] Judge Mudd dismissed the complaint against Rogers for insufficient evidence.
[5] Because the accused was not prejudiced by the denial of the right to an open hearing, the defendant's conviction after trial was upheld. (People v. Pompa-Ortiz, supra, 27 Cal.3d at p. 523, 165 Cal.Rptr. 851, 612 P.2d 941.)
[6] Prior to the amendment, section 871.5, read: "When a court has ordered the resumption of proceedings before the magistrate, the magistrate shall resume the proceedings within 10 days alter the superior court has entered an order directing the reinstatement of the complaint or a portion thereof (Stats. 1981. ch. 854. §3, p. 3278.)