Filed 4/23/14  P. v. Hall CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOREMAN DAMAR HALL,<br><br>    Defendant and Appellant. | H040000<br>(Santa Clara County<br>Super. Ct. No. C1244710) |

Defendant Doreman Damar Hall pleaded no contest to two counts of first degree burglary (Pen. Code, §§ 459, 460, subd. (a))[1] and one count of buying, receiving, concealing, or withholding stolen property (§ 496, subd. (a)).  He also admitted one prior strike conviction within the meaning of sections 667, subdivisions (b) through (i), and 1170.12.  Prior to sentencing, Hall sought to withdraw his plea on the ground that he was misled and coerced by his attorney, as well as to replace that attorney.  Following a combined *Marsden*[2] and motion-to-withdraw hearing, the court denied Hall's motions and sentenced him to a term of eight years.  Hall appealed, challenging the validity of his plea.  For the following reasons, we affirm.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of four residential burglaries allegedly committed by Hall and another individual on July 4, 2012.  Two of those burglaries took place in San Jose

---

[1] Further unspecified statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

and the other two occurred in Fremont. Initially, Hall was charged in Santa Clara County Superior Court with the San Jose burglaries. That case was set for trial when the Alameda County District Attorney agreed to allow the Santa Clara County District Attorney's Office to prosecute the Fremont burglaries as well. Accordingly, the initial case was dismissed so that all four burglaries could be tried in a single trial.

A new felony complaint, charging Hall with four counts of first degree burglary (§§ 459, 460, subd. (a)), was filed on November 13, 2012. On January 28, 2013, a preliminary hearing was held at which Deputy Alternate Defender Jess Guy represented Hall. At the start of the hearing, Hall asked to represent himself because he had never met with Guy to discuss his case. The court initially denied Hall's request because Guy represented that he had met with Hall previously and was prepared to move forward, civilian witnesses were present, and time had not been waived. However, after the first witness had been questioned but before she was excused, the court gave Hall the opportunity to question her himself. He refused, declining to represent himself as he had previously requested.

By March of 2013, Ralph Benitez of the alternate defender's office had been assigned to represent Hall. On March 20, 2013, the court held a *Marsden* hearing on Hall's request to replace Benitez. At the hearing, Hall informed the court that he wanted new counsel because Benitez had refused to file a section 995 motion to dismiss the charges on the ground that Hall had been denied a substantial right--the right to represent himself--at the preliminary hearing. Hall further explained that he believed Benitez did not have his best interests at heart.

Benitez responded that he had researched section 995 at Hall's request and had agreed to file the motion, but that Hall had decided he wanted to represent himself before Benitez finished drafting the motion. Accordingly, Benitez said, he had stopped work on

2

the section 995 motion and instead scheduled a hearing on Hall's *Faretta*[3] motion to represent himself for March 20, 2013. By the time of the hearing, Hall had changed his mind about representing himself, and instead requested new counsel--hence, the *Marsden* hearing. Hall confirmed Benitez's account. The court denied Hall's *Marsden* motion.

A first amended information was filed on March 26, 2013, charging Hall with four counts of first degree burglary (counts 1-4; §§ 459, 460, subd. (a)) and two counts of buying, receiving, concealing, or withholding stolen property (counts 5 & 6; § 496, subd. (a)). The amended information also alleged Hall had a prior strike conviction within the meaning of sections 667, subdivisions (b) through (i), and 1170.12. Specifically, the information alleged Hall had suffered a juvenile adjudication for robbery at the age of 16 or older.

Also on March 26, 2013, Hall pleaded no contest to counts 1, 2, and 5 and admitted the prior strike conviction. The plea agreement Hall signed called for a sentence of eight years in state prison.

Prior to sentencing, Hall again moved to replace his appointed counsel as well as to withdraw his plea. The court held a second *Marsden* hearing on July 12, 2013. Hall told the court he wanted to withdraw his plea on the grounds that his counsel provided ineffective assistance in connection with the plea agreement. Hall claimed he had been "misled about" and "coerced me into" the deal. Hall provided no details about how he had been misled. With respect to coercion, he stated that Benitez "kept repeating that the D.A. was pissed off, and at one point he said that I better take the deal because the time was going to go up. So, at that point I felt trapped into the whole thing." As in the first *Marsden* hearing, Hall complained that Benitez had not filed a section 995 motion to

---

[3] *Faretta v. California* (1975) 422 U.S. 806.

dismiss the charges on his behalf.  In addition, he stated that Benitez had refused to file a *Romero*[4] motion to strike his prior juvenile adjudication.

In response, Benitez reiterated that he did not file a section 995 motion because Hall had decided to represent himself before the motion was filed and then moved to replace Benitez as appointed counsel.  According to Benitez, after the first *Marsden* hearing, Hall no longer wanted to file a section 995 motion and instead wanted to go to trial.  Benitez stated that he met with Hall and discussed issues related to the trial, including *Romero*.  During that meeting, Hall asked Benitez about a possible plea agreement and instructed Benitez to accept the district attorney's offer of an eight-year term.  Hall told the court that Benitez's account was false.

The court denied Hall's motions, concluding that Benitez had "properly and effectively represented" Hall.  Immediately thereafter the court sentenced Hall to four years on the count 1 first degree burglary charge; a consecutive term of 32 months on the count 2 first degree burglary charge; and a consecutive term of 16 months on the count 5 buying, receiving, concealing, or withholding stolen property charge, for a total prison term of eight years.

Hall timely appealed and requested a certificate of probable cause.  The trial court granted that request.  Appointed appellate counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, stating the case and the facts but raising no issues and requesting that this court review the record for error independently.  Hall submitted a letter brief urging that (1) his commitment to the trial court was illegal under section 995 because he was denied his right to represent himself at his preliminary hearing, (2) the trial court erred in denying his March 2013 *Marsden* motion, (3) the trial court erred in denying his July 2013 *Marsden* motion, (4) the trial court erred in denying his July 2013 request to withdraw his plea, (5) the trial court erred by not determining whether a factual

---

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

basis existed for his plea as required by section 1192.5, and (6) the 32-month sentence on the count 2 first degree burglary charge is illegal under the sentencing guidelines.

## II.    DISCUSSION

Hall's brief does not raise any viable issues on appeal.

First, Hall asserts that his commitment to the trial court was illegal because he was denied the right to represent himself at his preliminary hearing. "Section 995 entitles a defendant in a criminal case to a dismissal of an information on timely motion when, because of a denial of a 'substantial right at the preliminary examination,' the ensuing commitment is rendered illegal." (*People v. Draper* (1996) 42 Cal.App.4th 1627, 1631.) Hall waived this issue by failing to file a section 995 motion in the trial court. (See § 996 ["If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in Section 995"]; *People v. Harris* (1967) 67 Cal.2d 866, 870 [in the context of an alleged denial of the right to counsel at preliminary examination, holding that "the failure to move to set aside the information . . . bars the defense from questioning on appeal any irregularity in the preliminary examination"].)[5]

Second, Hall argues that the court erred by denying his March 2013 *Marsden* motion. "We review a trial court's decision declining to relieve appointed counsel under the deferential abuse of discretion standard." (*People v. Jones*, *supra*, 29 Cal.4th at p. 1245.) No abuse of discretion has been shown here. As the trial court explained at that hearing, Hall failed to raise grounds sufficient to compel appointment of substitute counsel. In particular, " '[t]actical disagreements between the defendant and his attorney'

---

[5] Benitez's failure to file a section 995 motion does not constitute ineffective assistance of counsel, as Hall appears to contend. As Hall confirmed at his March 2013 *Marsden* hearing, Benitez failed to file the motion because Hall decided he wanted to represent himself. To the extent that Hall claims that he later urged Benitez to file the motion, Benitez denied that, and the trial court was entitled to credit Benitez over Hall. (*People v. Jones* (2003) 29 Cal.4th 1229, 1245.)

"--such as whether to file particular motions--" ' 'do not by themselves constitute an "irreconcilable conflict." ' ' " (*People v. Valdez* (2004) 32 Cal.4th 73, 95.)  Nor is "a defendant's claimed lack of trust in, or inability to get along with, an appointed attorney . . . sufficient to compel appointment of substitute counsel." (*People v. Jones*, *supra*, at p. 1246.)

Third, Hall maintains that the court erred by denying his July 2013 *Marsden* motion.  To the extent that motion was premised on Benitez's refusal to file certain motions and similar disagreements between Benitez and Hall, Hall's challenge fails for the reasons set forth above with respect to the March 2013 *Marsden* motion.  Moreover, at the July 2013 *Marsden* hearing, Hall and Benitez gave differing accounts of their discussions related to trial strategy and the plea agreement.  " '[T]he court was "entitled to accept counsel's explanation." ' " (*People v. Jones*, *supra*, 29 Cal.4th at p. 1245.)

Fourth, Hall argues that the court erred in denying his motion to withdraw his plea. Section 1018 allows the trial court to grant a defendant's request to withdraw his or her plea of guilty or no contest "before judgment . . . for a good cause shown."  "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.]  But good cause must be shown by clear and convincing evidence." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)  "The decision whether to allow a defendant to withdraw a guilty or no contest plea is discretionary, and an appellate court will not disturb it absent a showing the trial court has abused its discretion." (*People v. Mickens* (1995) 38 Cal.App.4th 1557, 1561.)

The thrust of Hall's argument is that his plea was not knowing, voluntary, and intelligent because Benitez failed to advise him fully of the consequences of that plea.  In particular, Hall claims he did not know the charges would run consecutively.  While Hall informed the trial court that he had been "misled" regarding the terms of the plea, he did not raise this particular argument in the trial court, thereby waiving it.  The argument fails for the additional reason that Hall fails to establish prejudice--meaning that it is

6

reasonably probable he would not have entered a no contest plea if properly advised that the charges would run consecutively. (*People v. Martinez* (2013) 57 Cal.4th 555, 559.) The plea agreement Hall signed explicitly provided for an eight-year term, which is exactly the sentence he got. Because Hall received precisely the punishment he bargained for, we conclude it is not reasonably likely that he would have refused to plead no contest had he understood that the eight-year term consisted of consecutive terms.

Hall also contends that he was coerced into the plea. That claim is refuted by Benitez's account that it was Hall who insisted on pleading. Again, the court was entitled to believe Benitez over Hall.

Finally, with respect to his motion to withdraw, Hall claims the "undue haste" with which his plea was entered violated his constitutional right to a full defense under *People v. Avilez* (1948) 86 Cal.App.2d 289, 296. We disagree, as this case is distinguishable from *Avilez.* In *Avilez*, the defendant was arrested on 32 charges on a Saturday morning and pleaded guilty the following Tuesday morning "immediately after the appointment of the public defender." (*Id.* at p. 293.) By contrast, here, Hall pleaded no contest nearly two months after his second preliminary hearing and following at least two in person meetings with Benitez, one of which lasted for three hours.

Fifth, Hall urges that the trial court erred by not determining whether a factual basis existed for his plea as required by section 1192.5. That provision of the Penal Code requires the court to "cause an inquiry to be made of the defendant to satisfy itself that . . . there is a factual basis for the plea." (§ 1192.5.) As part of Hall's written plea agreement, defense counsel and the prosecutor stipulated to the existence of a factual basis for Hall's plea. The stipulation signed by Benitez does not reference a specific document evidencing a factual basis.[6] The California Supreme Court has held that "the

---

[6] Benitez's stipulation contains a space in which to specify such documents (i.e., the police report or preliminary hearing transcript), but we cannot decipher the notation in (continued)

7

trial court may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record where . . . the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice." (*People v. Palmer* (2013) 58 Cal.4th 110, 118.)  Here, the court asked Hall whether he understood each of the charges, and Hall stated that he did.  The court also confirmed that Hall had discussed the advisement of rights, waiver and plea form with his attorney and that he did not have any questions about it.  On this record, we conclude the court did not abuse its discretion by accepting defense counsel's stipulation to the existence of a factual basis for the plea.

Finally, Hall claims that the 32-month sentence imposed on the count 2 first degree burglary charge is illegal.  As Hall notes, the Penal Code provides that first degree burglary is punishable "by imprisonment in the state prison for two, four, or six years." (§ 461, subd. (a).)  Pursuant to his plea agreement, Hall received a sentence of 32 months (two years,  eight months), representing one-third of the four-year mid-term sentence, doubled as a result of the prior strike conviction.  That sentence is consistent with California law.  (See § 1170.1, subd. (a).)

In addition to considering the issues submitted by Hall, pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

---

that blank.  The prosecutor's stipulation identified the police report and preliminary hearing transcript as providing the requisite factual basis.

### III. DISPOSITION

The judgment is affirmed.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.

9